# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JEREMY MARQUISE CARTER,

    Petitioner,

v.                                                                              CASE NO. 5:04cv306-RH

UNITED STATES DEPARTMENT OF
JUSTICE et al.,

    Respondent.

_____/

## ORDER TAXING COSTS

The petitioner Jeremy Marquise Carter obtained a judgment against the respondent Department of Justice for part of the relief he sought under the Freedom of Information Act. He has moved to tax costs. The Department opposes the motion as untimely. The Department has not denied that, on a timely motion, costs properly could have been taxed in Mr. Carter's favor.

The judgment was entered on January 5, 2010. It included an injunction. The Department sought and obtained an extension of the deadline for complying with the injunction. On March 8, 2010, the Department filed a notice indicating it had fully complied. Under the terms of the judgment, the deadline for Mr. Carter

to file any motion to compel compliance with the injunction was 21 days later, or March 29, 2010.

The clerk received Mr. Carter's motion to tax costs on April 2, 2010. Mr. Carter's certificate of service says he mailed a copy to the Department's attorney on February 9, 2010, but that seems unlikely, especially because the accompanying affidavit was notarized on March 3, 2010.

The governing local rule requires an application for costs to be filed within 14 days after the entry of judgment. *See* M.D. Fla. Loc. R. 4.18 (2009). But the deadline may be extended based on good cause or excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). There is good cause to extend the deadline here to a time 14 days after the full resolution of the litigation—that is, 14 days after Mr. Carter's deadline for challenging the Department's compliance with the injunction. This comports with the local rule's purpose: requiring a party to move to tax costs promptly after the litigation ends. And Mr. Carter's neglect in failing to file his motion earlier was excusable; even an attorney might well be uncertain about whether a motion to tax costs properly could and should have been filed while still awaiting the Department's compliance with the injunction. Mr. Carter filed his motion within four days after his deadline for moving to compel compliance with the injunction. The motion to tax costs thus was timely based on a properly extended deadline.

Costs will be taxed in Mr. Carter's favor. But not all the costs he seeks are taxable. This order taxes the filing fee and the costs of making copies of papers that were filed with the court. The order does not tax equipment and supplies used in preparing the papers, file folders for retaining copies, or envelopes and postage. These are costs that, if incurred by a law firm, would be deemed overhead.

The taxed costs, in the order presented in Mr. Carter's affidavit, are these:

| | |
|---|---:|
| Filing fee | $ 150.00 |
| Copying costs ¶ 2 | 19.50 |
| Copying costs ¶ 3 | 13.00 |
| Copying costs ¶ 3 (second ¶ 3) | 13.00 |
| Copying costs ¶ 4 | 6.50 |
| Copying costs ¶ 5 | 6.50 |
| Copying costs ¶ 6 | 6.50 |
| Copying costs ¶ 7 | 6.50 |
| Copying costs ¶ 8 | 32.50 |
| Copying costs ¶ 9 | 32.50 |
| Copying costs ¶ 10 | 13.00 |
| Copying costs ¶ 11 | 13.00 |
| Copying costs ¶ 12 | 6.50 |
| Copying costs ¶ 13 | 13.00 |
| Copying costs ¶ 14 | 6.50 |
| Total | $ 338.50 |

This is the amount properly taxed in Mr. Carter's favor.

One final point deserves mention. Federal Rule of Civil Procedure 6(b)(1)(B) allows an extension of a deadline *on a motion* filed after the period expires. Mr. Carter has moved to tax costs, but he has not expressly moved to extend the applicable deadline. I could of course require Mr. Carter to submit a

motion, but no purpose would be served; the Department already has raised and been heard on the timeliness issue. Even so, if the Department asserts the extension is improper because Mr. Carter has not moved for it, the Department may file within 28 days a motion to alter the judgment for costs that will be entered based on this order. If the Department so moves, I will vacate the judgment, allow Mr. Carter to move to extend the deadline, allow the Department to respond, and enter an appropriate ruling. The Department need not move to alter the judgment to preserve its position that the motion to tax costs was untimely and that—for reasons other than Mr. Carter's failure to file a motion to extend—the deadline should not have been extended.

For these reasons,

IT IS ORDERED:

The clerk must enter a judgment for costs in the petitioner's favor against the respondent in the amount of $338.50.

SO ORDERED on April 20, 2010.

s/Robert L. Hinkle<br>United States District Judge